UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>JAHRI ASAD CUNNINGHAM,<br><br>Respondent. | CASE NO. 23-cr-00090-JHC<br><br>ORDER DENYING MOTION TO MODIFY BOND CONDITIONS |

# I

## INTRODUCTION

This matter comes before the Court on Defendant Jahri Asad Cunningham's Motion to Revoke Detention Order.[1] Dkt. ## 247 (sealed), 248. Mr. Cunningham asks the Court to modify the bond conditions imposed by the Honorable Brian A. Tsuchida, United States Magistrate Judge, under 18 U.S.C. § 3145(a)(2). *Id.* For the reasons discussed below, the Court DENIES the motion

---

[1] Mr. Cunningham's motion is styled as a "Motion to Revoke Detention Order" but no detention order has been issued and the motion seeks to modify his bond conditions. *See* Dkt. # 247. So the Court reviews this motion as a motion to modify bond conditions under 18 U.S.C. § 3145(a)(2).

ORDER DENYING MOTION TO MODIFY BOND
CONDITIONS - 1

## II

### BACKGROUND

On May 21, 2023, a grand jury indicted Mr. Cunningham on three counts of wire fraud in violation of 18 U.S.C. §§ 2, 1343 and one count of money laundering in violation of 18 U.S.C. §§ 2, 1956(a)(1)(B)(i). Dkt. # 1. A detention hearing was held before Judge Tsuchida on July 13, 2023, and Mr. Cunningham was released subject to an appearance bond with special conditions that included location monitoring. Dkt. ## 72, 73. On February 19, 2025, a bond modification hearing was held before Judge Tsuchida, who denied Mr. Cunningham's petition for modification with respect to location monitoring. Dkt. # 245.

Mr. Cunningham asks that he no longer be subject to location monitoring because it "impacts [his] overall quality of life." Dkt. #248 at 3. He also says that the Court can be sure he will make all future appearances in the matter and does not threaten the community because he has spent nearly one and a half years on bond without incident. *Id.*

## III

### DISCUSSION

A.   Standard of Review

A person who is ordered released by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." 18 U.S.C. § 3145(a)(2). Under § 3145, a district judge reviews a magistrate judge's decision de novo. *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990).

B.   Bail Reform Act

Under the Bail Reform Act, 18 U.S.C. § 3142, *et seq.*, a court considers whether there are conditions of release that will "reasonably assure" two goals: (1) "the appearance of the person as required"; and (2) "the safety of any other person and the community[.]" 18 U.S.C. § 3142(g).

To make this determination, courts weigh four factors: (1) "the nature of circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.*

C.  Section 3142 Factors

    1.  Circumstances of the Offense

To evaluate this factor, courts ask "whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device[.]" 18 U.S.C. § 3142(g)(1).

Mr. Cunningham and his co-conspirators are alleged to have "fraudulently sought more than $6.8 million, and obtained more than $3.3 million, from various federally-funded COVID-19 pandemic relief programs." Dkt. # 1 at 2. The "essence of the scheme" he allegedly engaged in "was to fraudulently obtain federally-funded pandemic-related benefits and assistance by submitting fraudulent applications, document, and/or claims to administrating government agencies and financial institutions and/or lenders." *Id.* at 8. And these funds were purportedly used "for extravagant expenses such as luxury cars, lavish trips, cosmetic surgery, jewelry, and designer goods." *Id.* at 2.

So the circumstances of the charges raised against Mr. Cunningham favor granting his motion. He has not been charged with a crime of violence, a violation of § 1591, or a Federal crime of terrorism. *See* 18 U.S.C. § 3142(g)(1). Nor do the charges involve a minor victim, a controlled substance, a firearm, explosives, or a destructive device. *See id.*

    2.  Weight of the Evidence

This factor supports continued location monitoring. The Government purports to have records that show Mr. Cunningham used an interstate wire to transfer funds obtained in the

ORDER DENYING MOTION TO MODIFY BOND
CONDITIONS - 3

scheme. Dkt. # 1 at 15–17. And the Government alleges it has financial transaction records that show Mr. Cunningham withdrew fraudulently obtained funds from his bank account. *Id.* at 18. But this is the least important of the factors and "the statute neither requires nor permits a pretrial determination of guilt." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

        3.        History and Characteristics of the Person

When evaluating the "history and characteristics of the person" the court must also consider: "the person's . . . past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . . whether, at the time of the current offense or arrest, the person was on [supervised release] for an offense under Federal, State, or local law[.]" 18 U.S.C. §§ 3142(g)(3)(A), 3142(g)(3)(B).

Mr. Cunningham has done a commendable job of appearing at all required court proceedings. In fact, he "has been on bond in this matter since July 13, 2023. In that time, he has appeared at every proceeding and has committed no infractions." Dkt. # 248 at 2. This lends some weight to granting his motion.

But the Government contends that Mr. Cunningham has an extensive criminal history and has repeatedly engaged in criminal conduct while under federal supervision. Dkt. # 249 at 3–5. Probation officers in California and Texas alleged Mr. Cunningham committed seven violations following a 75-month sentence for conspiracy to distribute heroin and cocaine in this district. Dkt. # 249 at 3–4; *see* ECF No. 435, Case No. 2:14-cr-00197-RAJ-5. And three of the charges here were filed after he was "detained for approximately 6 months for supervised release violations in the Northern District of California[.]" Dkt. # 249 at 4. The Government further says that Mr. Cunningham has been convicted of other serious crimes, including: (1) "three convictions for manslaughter from two separate incidents approximately seven years apart that were pled down from capital murder"; (2) "one conviction for intimidating a witness after

ORDER DENYING MOTION TO MODIFY BOND
CONDITIONS - 4

physically attacking the witness while he was in jail"; and (3) "prior convictions for bail jumping and escape from home confinement pending separate felony trials." *Id.* at 5. This extensive criminal history, along with the serious alleged violations that occurred while Mr. Cunningham was under federal supervision, cannot be ignored and justify continued location monitoring.

On balance, the Court concludes this factor supports continued monitoring.

4.   Nature and Seriousness of the Danger to Any Person or the Community

Mr. Cunningham allegedly defrauded the community out of millions of dollars. Dkt. # 1 at 2. This money was intended for low-income individuals, those experiencing financial hardship, small businesses, and nonprofit organizations. *Id.* at 2–6. And these funds were meant "to assist individuals and businesses suffering from the economic impacts of the pandemic[.]" *Id.* at 2.

Under these circumstances, the Court can conclude Mr. Cunningham's alleged crimes seriously endangered the community. *See United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) ("[D]anger may, at least in some cases, encompass pecuniary or economic harm."). So this factor also weighs against granting the motion and three out of four 18 U.S.C. § 3142(g) factors support continued location monitoring.

All in all, Mr. Cunningham's prior appearances, *while* subject to location monitoring, do not convince the Court that he is not a flight risk *without* location monitoring. *See United States v. Williams*, 2015 WL 9595403, at *3 (D. Nev. Dec. 31, 2015). Location monitoring and the other bond conditions imposed on Mr. Cunningham are the least restrictive means to ensure that he will appear as required. *See United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) ("[T]he Bail Reform Act of 1984 . . . mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required.").

ORDER DENYING MOTION TO MODIFY BOND
CONDITIONS - 5

## IV

## CONCLUSION

For all these reasons, and based on its de novo review of the record, the Court DENIES Mr. Cunningham's motion.

Dated this 20th day of March 2025.

John H. Chun
United States District Judge