UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>JAHRI ASAD CUNNINGHAM,<br><br>　　Defendant. | Case No. 23-cr-090-03 JHC<br><br>ORDER |

　　This matter comes before the Court on Defendant's motion to continue trial. Dkt. # 252. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. Being fully advised, the Court DENIES the motion.

　　Nearly two years ago, the Government charged Defendant with the crimes at issue in this matter. Dkt. # 1. Since then, Defendant has moved five times for trial continuances; and the Court granted each request. Dkt. ## 78, 167, 227, 234 & 241. Defendant now moves, for the sixth time in this case, for another trial continuance.

　　Under "the Speedy Trial Act, a defendant must be brought to trial within seventy days of the indictment or of his initial appearance before a judicial officer, whichever is later." *United States v. Clymer*, 25 F.3d 824, 877 (9th Cir. 1994). But "the Act sets forth several types of so-called 'excludable delay,'" which "does not count toward the seventy day limit."

ORDER - 1

*Id.* One such period of "excludable delay" is the "ends of justice" continuance, which Defendant seeks here. *See* Dkt. # 252 at 4 (citing 18 U.S.C. § 3161(h)(7)(A) (authorizing a continuance where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial")). A court may grant an "ends of justice" continuance on finding that the failure to do so would deny defense counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

The decision to deny a trial continuance lies within the district court's sound discretion and will be disturbed only on a showing that such denial was (1) "arbitrary or unreasonable," and (2) prejudicial to the defendant. *See United States v. Wilkes*, 662 F.3d 524, 543 (9th Cir. 2011) (quoting *United States v. Torres-Rodriguez*, 930 F.2d 1372, 1383 (9th Cir. 1991)). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process." *Ungar v. Sarafite,* 376 U.S. 575, 589 (1964). Instead, "[t]he answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id.*

The Ninth Circuit applies four factors in evaluating a district court's exercise of discretion to deny a continuance: (1) whether the defendant "was diligent in preparing his defense or whether his request for a continuance appears to be a delaying tactic"; (2) "the usefulness of the continuance," including "how likely it was that the purpose of the continuance would have been achieved had it been granted"; (3) "the extent to which granting the continuance would have inconvenienced the court and the opposing party,"; and (4) whether the defendant was prejudiced by the denial. *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010). In moving for a continuance, Defendant does not present an application of these factors. *See* Dkt. # 252.

Applied here, the four factors weigh against granting a trial continuance. First, as observed by the Government, the record does not show that Defendant has exercised

diligence. On this note, counsel's declaration accompanied Defendant's previous motion to continue. Dkt. # 238-1. This time, Defendant did not submit such a declaration. The Government has represented that it intends to rely on fewer than 300 pages of trial exhibits and plan to call about five witnesses. Despite the other documents produced in discovery—some of which may be irrelevant, e.g., the unemployment benefit records of co-defendant Rayvon Peterson, Dkt. # 239 at 4-5—and the health issues raised (which were raised before, Dkt. # 238-1 at 2), Defendant and defense counsel have been afforded more than enough time to prepare for trial in this relatively straightforward case. Second, given the long series of requests for trial continuances, the Court has no confidence regarding the usefulness of granting the motion. And considering this case's history, the third factor—inconvenience to the Court and the Government—weighs heavily in favor of denying the motion. Finally, given the circumstances presented, the Court does not see how Defendant would be prejudiced by the denial of his motion, and trial is still two months away.

For these reasons, the Court DENIES Defendant's motion.

DATED this 17th day of April, 2025.

_____
John H. Chun
United States District Court

ORDER - 3