UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAHRI ASAD CUNNINGHAM,<br><br>    Defendant. | **CASE NO. CR23-090-JHC-3**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO PROCEED PRO SE AND APPOINTING STANDBY COUNSEL** |

This matter comes before the Court on Defendant's motion to proceed pro se. Dkt. # 318. The Court granted the motion in an oral ruling at the hearing on June 9, 2026. Dkt. # 327. This Order memorializes the Court's ruling.

The Indictment charges Defendant Jahri Asad Cunningham as Defendant No. 3 and charges him in Counts 5, 13, 16, and 24. Counts 5, 13, and 16 are wire-fraud counts under Title 18, United States Code, Sections 1343 and 2. Count 5 alleges an August 7, 2020 interstate wire originating in Washington to an SBA server outside Washington to submit an EIDL application for "JahriLLC" using Cunningham's identity. Count 13 alleges a December 30, 2021 interstate wire originating in Washington to a bank server outside Washington to initiate payment of $88,260 into Cunningham's bank account for

Order Granting Motion to Proceed Pro Se and Appointing Standby Counsel - 1
*United States v. Cunningham* – CR23-090-JHC-3

EPRAP landlord "Minah Cunning." Count 16 alleges a January 21, 2022 interstate wire originating in Washington to a bank server outside Washington to initiate payment of $37,340 into Cunningham's bank account for EPRAP landlord "Ale Cartel." Count 24 is a money-laundering-concealment count under Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2, and alleges a January 26, 2022 second of two cash withdrawals from Cunningham's JPMorgan Chase account in the amount of $1,000. *See* Dkt. # 1 (Indictment).

On June 15, 2023, the Court appointed attorney Stephan Illa to represent Cunningham. Dkt. # 46. Mr. Illa later withdrew, and the Court appointed attorney Jeffrey Kradel to represent Cunningham. Dkt. # 219. Mr. Kradel later withdrew, and the Court appointed attorney Carlos Santiago to represent Cunningham. Dkt. # 231. Mr. Santiago later withdrew, and on May 28, 2025, the Court appointed attorney Peter Camiel to represent Cunningham. Dkt. # 276. Mr. Camiel later moved to withdraw, and the Court denied the motion. Dkt. # 317.

Cunningham then filed ex parte and under seal a motion to proceed pro se. *See* Dkt. # 318. The Court held a hearing on the motion on June 9, 2026. Dkt. # 327. Cunningham appeared by videoconference. Cunningham waived his right to be physically present at the hearing and consented to appear by videoconference. The Court has considered the parties' submissions, the statements made at the hearing, the balance of the record, and GRANTS Defendant's motion to represent himself for the following reasons and those stated at the hearing.

Defendant has a Sixth Amendment right to proceed without counsel at trial. *United States v. Farias*, 618 F.3d 1049, 1051 (9th Cir. 2010) (citing *Faretta v. California*, 422 U.S. 806, 814-15 (1975)). To invoke this right, Defendant must make a timely, unequivocal, voluntary, and intelligent request. *Id.* To determine whether a defendant is knowingly and intelligently waiving his right to counsel, the Court must make the

defendant aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation. *Id.* at 1052. The Court must grant a timely request to proceed pro se, made unequivocally, knowingly, and intelligently, so long as it is not made to delay the case and the defendant is competent. *See id.*

At the hearing, Cunningham acknowledged that he is aware of his constitutional right to be represented by counsel and unequivocally requested to proceed pro se. No party suggested that he is not competent to represent himself.

The Court inquired into Cunningham's background and legal training. Cunningham has fourteen years of schooling, which includes two years of college. Cunningham has no formal legal training. Cunningham previously represented himself in connection with a resentencing. Cunningham told the Court he is familiar with the Federal Rules of Evidence and agreed to be bound by those rules. Cunningham told the Court he is gaining familiarity with the Federal Rules of Criminal Procedure and the Local Criminal Rules for the Western District of Washington and believes he can be bound by those rules.

The Court explained to Defendant the disadvantages of foregoing criminal defense counsel's expertise and experience and that the Court would hold Cunningham to the same standards that it would hold counsel. The Court informed Cunningham that the Court would not assist or advise him during trial. The Court also discussed with Cunningham the risks of proceeding pro se.

At the hearing, the Court stated the charges against Cunningham, the elements of the charges, and the maximum statutory sentences and other penalties and conditions Cunningham would face if convicted as charged. The Court also explained the concepts of co-schemer liability and aiding and abetting liability. The Court warned Cunningham that it could impose consecutive sentences for each count of conviction, which could lead to Cunningham spending potentially many years in prison. Cunningham acknowledged

Order Granting Motion to Proceed Pro Se and Appointing Standby Counsel - 3
*United States v. Cunningham* – CR23-090-JHC-3

that he understood those risks and remained steadfast in his request to represent himself as a pro se defendant.

The Court advised Cunningham that he does not have a constitutional right to appointment of standby counsel or to select standby counsel, but that the Court has discretion to appoint standby counsel. Cunningham maintained that he wished to proceed pro se. After granting Defendant's motion, the Court said it would appoint Mr. Camiel as standby counsel. The Court discussed with Cunningham that standby counsel has a limited advisory and logistical role and does not control the defense. Cunningham still maintained that he was steadfast in representing himself as a pro se criminal defendant.

For the reasons above and those stated on the record at the June 9, 2026 hearing, the Court FINDS and ORDERS:

(1) Defendant Jahri Asad Cunningham's motion to proceed pro se, Dkt. # 318, is GRANTED. The Court finds that Cunningham's decision to give up his right to be represented by counsel is unequivocal, knowing, intelligent, and voluntary. Cunningham stated that the decision to represent himself is his own decision and that no one has threatened him into making it. Cunningham stated that he understood the charges and their elements, the potential penalties, the disadvantages of self-representation, and the role of standby counsel. The Court further finds that the motion to proceed pro se was not made to improperly delay the proceedings.

(2) Because the Court grants Cunningham's motion, Mr. Camiel is no longer Cunningham's lawyer or counsel of record. Cunningham shall proceed as a pro se defendant. Cunningham has the right to make final decisions on all matters relating to the conduct of the defense, including motions, trial strategy, witness decisions, cross-examination, objections, exhibits, arguments, and whether to testify.

(3) The Court appoints attorney Peter Camiel as standby counsel under *McKaskle v. Wiggins*, 465 U.S. 168 (1984). Standby counsel's role is advisory and logistical,

Order Granting Motion to Proceed Pro Se and Appointing Standby Counsel - 4
*United States v. Cunningham* – CR23-090-JHC-3

consistent with *McKaskle*, and shall not interfere with Cunningham's control of his defense. Standby counsel shall not control the defense, make strategic decisions for Cunningham, file motions without Cunningham's authorization, speak for Cunningham without permission, examine witnesses, make objections, draft filings, present argument, or interfere with Cunningham's exercise of his right of self-representation unless Cunningham requests limited assistance and the Court permits it, or unless the Court orders standby counsel to assume representation. Standby counsel is not hybrid representation.

(4) The limited assistance described in this paragraph is intended to promote orderly, efficient, and non-disruptive proceedings while preserving Cunningham's pro se status and the Court's limits on standby counsel. Standby counsel may, upon Cunningham's request, assist with the following matters, consistent with the Court's rules and orders:

a. accessing, reviewing, identifying, organizing, and using discovery subject to protective orders;

b. maintaining protected discovery in compliance with the Court's protective orders while providing Cunningham meaningful access to protected discovery for defense preparation;

c. helping with administrative functions such as sealed or protected filing logistics, exhibit logistics, formatting exhibit lists, attachments, and related procedural issues; Cunningham remains responsible for filing his own pleadings and is able to make ECF filings;

d. advising defendant on courtroom procedure, trial procedure, exhibit procedure, subpoena logistics, witness logistics, and expert-witness logistics;

e. organizing and submitting trial exhibits and demonstratives, subject to the Court's rules and orders; and

Order Granting Motion to Proceed Pro Se and Appointing Standby Counsel - 5
*United States v. Cunningham* – CR23-090-JHC-3

f. procedural guidance, sample forms, limited legal-reference assistance, and practical preparation-related logistical assistance necessary for Cunningham to comply with Court rules, deadlines, trial procedures, protective orders, and filing requirements, without requiring standby counsel to act as a law clerk, perform legal research, draft pleadings for Cunningham, or assume control over defense preparation.

This assistance is not intended to create delay or hybrid representation.  It is intended to avoid unnecessary delay, confusion, disruption, disputes over protected materials, exhibit problems, and interruptions during hearings, trial preparation, and trial.  These provisions allow limited advisory and logistical assistance to move the case forward.

(5) Standby counsel shall maintain protected discovery as required by the protective orders, but shall not use the protective orders as a basis to deny Cunningham meaningful access to discovery needed to prepare motions, hearings, trial examinations, impeachment, exhibits, and other defense matters.  Any access to protected discovery shall remain subject to the protective orders and any further order of the Court.

(6) Standby counsel may sit at counsel table or nearby, as requested by Cunningham and permitted by the Court.  Standby counsel may respond to Cunningham's questions during hearings and trial, provide procedural guidance, and assist with exhibits and logistics.

(7) Standby counsel may not address the jury, examine witnesses, make objections, present argument, or otherwise act as counsel unless Cunningham requests limited assistance and the Court permits it, or unless the Court orders standby counsel to assume representation.

(8) Standby counsel shall remain sufficiently familiar with the case to assume representation if ordered by the Court.  If standby counsel is ordered to assume

Order Granting Motion to Proceed Pro Se and Appointing Standby Counsel - 6
*United States v. Cunningham* – CR23-090-JHC-3

representation, the Court will address at that time the scope of counsel's role and any scheduling issues necessary to protect Cunningham's rights.

(9) The appointment of standby counsel does not waive Cunningham's right of self-representation, does not authorize standby counsel to override Cunningham's decisions, and does not make standby counsel counsel of record unless the Court orders otherwise.

(10) The Clerk shall provide copies of this Order to Cunningham, standby counsel, and counsel for the government.

DATED this 12th day of June, 2026.

_____
JOHN H. CHUN
United States District Judge

Order Granting Motion to Proceed Pro Se and Appointing Standby Counsel - 7
*United States v. Cunningham* – CR23-090-JHC-3