UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAHRI ASAD CUNNINGHAM,<br><br>Defendant. | CASE NO. 2:23-cr-00090-JHC-3<br><br>ORDER |

**I**

**INTRODUCTION**

This matter comes before the Court on Defendant Jahri Asad Cunningham's Motion to Continue. Dkt. # 329. The Court has reviewed the materials filed in support of and in response to the motion, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court DENIES the motion. Dkt. # 329.

**II**

**BACKGROUND**

Over three years ago, a Grand Jury indicted Cunningham with the crimes at issue here. Dkt. # 1. Cunningham then moved five times for trial continuances, and the Court granted all those requests. *See* Dkt. ## 78, 167, 227, 234, & 241. Two weeks after the Court rejected

- 1

Cunningham's sixth motion to continue, Cunningham's counsel moved to withdraw and Cunningham requested new appointed counsel.  *See* Dkt. ## 258, 259.  The Court granted this request.  Dkt. # 263.  On the eve of trial, Cunningham, through counsel, moved for a yet another continuance stating that counsel needed adequate time to prepare and Cunningham needed "adequate time to review the discovery so he can assist in his own defense."  Dkt. # 277 at 3.  The Court granted this request too and provided Cunningham a full year to prepare.  *See* Dkt. # 282 (moving trial from June 16, 2025 to June 15, 2026).[1]

A year later, weeks from the June trial date, Cunningham once again asked for new counsel.  Dkt. # 308; *see also* Dkt. ## 46, 219, 231 & 276 (all appointing Cunningham new counsel).  After the Court denied this request, Cunningham moved to proceed pro se.  Dkt. ## 319, 327.  At a *Faretta* hearing, the Court found Cunningham's request to be made unequivocally, knowingly, and intelligently, and so it allowed Cunningham to proceed pro se.  *See* Dkt. # 335.  At the hearing, the Court warned that it was not likely to grant another continuance and appointed standby counsel.  *See* Dkt. # 335.  Now, for the eighth time, Cunningham moves to continue trial.  Dkt. # 329.  The Government opposes the motion.  Dkt. # 338.

### III
#### DISCUSSION

A.      Motion to Continue

Under "the Speedy Trial Act, a defendant must be brought to trial within seventy days of the indictment or of his initial appearance before a judicial officer, whichever is later."  *United States v. Clymer,* 25 F.3d 824, 827 (9th Cir. 1994).  But "the Act sets forth several types of so-

---

[1] Later, due to the anticipated effects of a World Cup match in Seattle, the Court sua sponte continued the trial from June 15, 2026 to August 3, 2026.  *See* Dkt. # 302.

ORDER - 2

called 'excludable delay,'" which "does not count toward the seventy day limit." *Id*. One such period of "excludable delay" is the "ends of justice" continuance, which Defendant seeks here. *Id*. at 828; *see* Dkt. # 329 at 13-14 (citing 18 U.S.C. § 3161(h)(7)(A) (authorizing a continuance where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial")).

A court may grant an "ends of justice" continuance on finding that the failure to do so would deny the defense "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). In reviewing a district court's denial of a continuance, the Ninth Circuit evaluates four factors: (1) whether the defendant "was diligent in preparing his defense or whether his request for a continuance appears to be a delaying tactic"; (2) "the usefulness of the continuance," including "how likely it was that the purpose of the continuance would have been achieved had it been granted"; (3) "the extent to which granting the continuance would have inconvenienced the court and the opposing party,"; and (4) whether the defendant was prejudiced by the denial. *United States v. Kloehn*, 620 F.3d 1122, 1127-28 (9th Cir. 2010).

Here, Cunningham requests a continuance to an unspecified date for a time after his discovery demands have been met and he has "record clarity." Dkt. # 329 at 1-2. But this is the same reason Cunningham requested a continuance a year ago, and Cunningham has not explained why the past year was not adequate time for him to prepare nor how more time will achieve this goal. *See* Dkt. # 277 at 3; Dkt. # 282; *see generally* Dkt. # 329.

Cunningham, through counsel, has had discovery for nearly three years. *See* Dkt. # 338 at 2-6; *see also* Dkt. ## 62, 99; *King Cty. v. Viracon, Inc.*, 2022 WL 782572, at *3 (W.D. Wash. Mar. 15, 2022) ("It is well-established that documents in the possession of a party's attorney are deemed to be in the party's possession."). In a protective order, the Court specifically

ORDER - 3

acknowledged that Cunningham's counsel could provide him any documents that did not contain sensitive personally identifying information or that has been redacted by Defense counsel, and all other materials could be viewed in the presence of counsel.[2]  Dkt. # 62 ¶ 6; *see also* Dkt. # 99.

It makes no difference that he is now proceeding pro se.  *See e.g.*, *United States v. Beckley*, 2024 WL 245737, at *4 (D.D.C. Jan. 23, 2024) ("That Beckley does not possess the documents himself is of no moment," when the government produced discovery to defense counsel and warned him "that as a pro se defendant he would not have unfettered access to materials.").  Cunningham has had the ability for years to review discovery, and at his *Faretta* hearing he was warned that even proceeding pro se a continuance would not be likely.  *See Beckley*, 2024 WL 245737, at *5 ("the Government is not obligated to re-produce directly to Defendant materials that it has already produced").  What is more, Cunningham can still access discovery.  Under the protective order, he can view more than 30,000 Bates-stamped pages in the presence of his standby counsel, and may personally possess those that do not contain third-party personally identifying information or have been redacted.[3]  *See United States v. Sarno*, 73 F.3d

---

[2] Cunningham does not directly request the Court to reconsider the protective order, *see generally* Dkt. # 329, 343, but he does ask the Court to provide him with "a meaningful ability to review the evidence needed to prepare his defense."  Dkt. # 329 at 12.  As already explained, he has had and continues to have such opportunity under the protective order.  *See* Dkt. # 62 ¶ 6.  To the extent Cunningham does raise concerns that the protective order might "make self-representation meaningless," Dkt. # 329 at 12, the Court finds no basis to reconsider it.  A protective order that limits sharing discovery with the defendant does not violate the defendant's Fifth or Sixth Amendment rights.  *See United States v. Hausa*, 232 F. Supp. 3d 257, 263-67 (E.D.N.Y. 2017); *see also United States v. Torres*, 2020 WL 4500046, at *4, *6 (D.N.J. Aug. 5, 2020).  Cunningham, who is accused of committing fraud involving the misuse of personally identifying information while under federal supervision is not entitled to unfettered access to every iota of information in discovery, especially where he has had multiple avenues through previous counsel and now through standby counsel to view what is necessary to put on his defense.

[3] The Government has also already shared with Cunningham a draft exhibit list and a complete set of trial exhibits, reproduced directly to Cunningham pretrial disclosures that the Government had previously sent to counsel, and stated that moving forward it will make discovery productions directly to Cunningham and standby counsel, as it does not expect any more discovery to include personally identifying information or if it does it can be easily redacted.  *See* Dkt. # 338.

ORDER - 4

1470, 1492 (9th Cir. 1995) (pro se defendant's access to discovery materials was not impermissibly restricted even though he was incarcerated and had only approximately 20 hours to inspect 250,000 pages of government documents); *see also United States v. Youker*, 718 F. App'x 492, 495 (9th Cir. 2017) ("The district court did not abuse its discretion by denying [pro se defendant] Youker's numerous requests for 'complete access' to discovery[]" when district court "did not give Youker unrestricted access in his cell to discovery—which included sensitive statements by cooperating co-defendants—given safety concerns").

Cunningham also says that he needs more time because he received evidence "late." *See* Dkt. # 329 at 4-6, 8-10. But Cunningham provides no legal basis for this argument. Discovery produced at a later stage of litigation is common in criminal proceedings. In fact, the Government has a continuing duty to disclose. *See* Fed. R. Crim. P. 16(c). Although Cunningham invokes Federal Rule of Criminal Procedure 16 and *United States v. Budziak*, 697 F.3d 1105, 1113 (9th Cir. 2012), the issue is not whether Cunningham is entitled to the materials, he has the materials, but whether the materials were produced in time for "the disclosure [to] be of value" to Cunningham. *See United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985).

Cunningham says that the late produced materials are of value, and he was prejudiced for not having them sooner; but the value in the materials he articulates is one that becomes most relevant at trial.[4] *See* Dkt. # 329 at 4 (saying he plans to use the materials to raise concerns regarding authentication, chain of custody, and venue). Cunningham was not prejudiced by the discovery production that occurred late in the proceedings. And even more, by Cunningham's

---

[4] Defendant's second reason for needing the materials earlier holds no water. He says if he had received the materials earlier "he could have worked with an expert to understand the government's forensic terminology" and otherwise look through the materials. Dkt. # 329 at 5. As explained, Defendant has had the vast majority of discovery for years as well as appointed counsel who could explain most forensic terminology, and in fact, Defendant has worked with an expert to explain the Government forensic technology on other parts of the record. *See* Dkt. 293.

ORDER - 5

own telling, the Government produced these materials weeks before the originally scheduled trial date on June 15, 2026 and months before the current August 3, 2026 trial date. Dkt. # 329 at 4 (saying Government produced materials to defense counsel between April 29 and May 21, 2026, and that he personally received materials on June 1); *see United States v. Barnes*, 2023 WL 3051661, at *3 (N.D. Cal., Apr. 21, 2023) (denying motion to exclude evidence produced on April 4 in case set for trial April 25 and requiring defendant to show prejudice before excluding items produced between April 4 and the pretrial conference); *United States v. Terriquez-Flores*, 188 F. App'x 574, 576 (9th Cir. 2006) (no discovery violation when government produced *Brady* material "during the lunch recess on the first full day of trial"). Because Defendant was not prejudiced by when the discovery production occurred nor was the production particularly late, this discovery production is not a reason to grant a continuance.

Nor, from what Cunningham has presented, does it appear Cunningham is missing any discovery that would require a continuance. Cunningham says he "still lack[s] the complete Bates-numbered discovery file, a master Bates index, a protected/non-protected inventory, discovery logs, production indexes, and a workable protected-discovery review procedure." Dkt. # 329 at 4. Cunningham has provided no legal authority to show that he is entitled to such nor is the Court aware of any such authority. Thus, the Court will not require the Government to make and produce these inventories, logs, and indexes for Cunningham. Cunningham raises concerns regarding discovery, but from the record, it does not appear Cunningham has been diligent in preparing his defense, and instead the continuance seems to be a delay tactic. In addition, the Court finds that a continuance would not likely achieve Cunningham's stated goals.

The Government raises concerns that delay has caused inconvenience to itself, the Court, and the public at large. *See* Dkt. # 338. This case, involving the theft of public funds related to COVID-19 relief, has been pending for over three years. *See* Dkt. # 1. That is far beyond what

ORDER - 6

is fair. *See United States v. Ramirez-Cortez*, 213 F.3d 1149, 1156 (9th Cir. 2000) ("[T]he right to a speedy trial belongs not only to the defendant, but to society as well.") (quoting *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir.1997) (quoting H.R. Rep. 93–1508 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7401, 7408))).  The Government says government resources have been repeatedly drained by restarting trial preparations and coordinating travel and accommodations for two out-of-state witnesses.  Dkt. # 338 at 7.  The Court agrees.

Finally, for all the reasons already stated, Cunningham is not prejudiced by the denial.  On reply, Defendant now says, "the Court did not advise that exercising [his right to self represent] would place Defendant at a disadvantage."  Dkt. # 343 at 4.  The Court, in fact, repeatedly warned Defendant he would be at a severe disadvantage proceeding pro se based on the late stage of litigation, the complexity of the underlying charges, and the intricacies of the law and procedure, and informed Defendant that it would consider a continuance, but based on all the delays, it was unlikely to grant.  *See* Dkt. # 338 at 6.  To be clear, this is not a penalty for proceeding pro se nor is it even a penalty for delaying, but the Court cannot and will not let Cunningham have endless time to present his defense.  Cunningham has had three years to comb through discovery, has worked with three attorneys on his case, was repeatedly advised to move forward with counsel, and still has standby counsel to work with; he is not prejudiced by moving forward with trial.

For these reasons, the Court finds good cause does not exist to continue trial.  *See e.g.*, *United States v. Webb*, 2024 WL 2134864, at *2 (W.D. Pa. May 13, 2024) ("[F]inding good cause in this situation would create an incentive for a defendant to cycle through new attorneys, simply to raise new arguments and motions and re-litigate prior motions.  This would run entirely counter to the principles of Rule 12 and the Speedy Trial Act rights of the public.").  Thus, the Court denies Cunningham's motion to continue.

B.      "Record lock" Motion

Cunningham also revives his request for a "record lock." *See* Dkt. # 329 at 6-8; *see also* Dkt. # 319. Cunningham asks the Court to "require a complete Bates-numbered master index and hold the government to that record" because he "cannot fairly prepare trial from a moving record." Dkt. # 329 at 6. Cunningham has provided no legal authority to support a "record lock" request. *See* Dkt. # 329 at 6-8; *see generally* Dkt. # 319. The Government says they have searched and found no authority, Dkt. # 338 at 10, and the Court too knows of no such authority. Nor, in a criminal trial, is it typical for a record to be frozen in time at an early pre-trial stage in litigation. *See e.g.*, *Terriquez-Flores*, 188 F. App'x at 576. Because Cunningham's request has no legal support, the Court denies the "record lock" request.

IV

CONCLUSION

For these reasons, the Court DENIES Defendant Cunningham's Motion to Continue and the "record lock" request contained in that motion. Dkt. # 329.

Dated this 1st day of July, 2026.

John H. Chun
United States District Judge

ORDER - 8