UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAHRI ASAD CUNNINGHAM,<br><br>Defendant. | CASE NO. 2:23-cr-00090-JHC-3<br><br><br>ORDER |

This matter comes before the Court on Defendant Jahri Asad Cunningham's Motion to Clarify the Record Regarding Dkt. # 354 and Renewed Motion to Modify Protective Discovery Orders, Order Complete Bates-Numbered Discovery Access, Implement a Protected-Review Procedure, Clarify Late-Discovery Treatment, and Continue Trial/Reset Pretrial Deadlines. Dkt. ## 359, 360. The Court has reviewed the materials filed in support of the motions, the rest of the record, and the governing law. For the reasons below, the Court DENIES both motions. Dkt. ## 359, 360.

Although these motions are entitled a "Motion to Clarify the Record" and a "renewed" discovery motion, in substance, both motions request this Court to reconsider its prior rulings and to grant Cunningham full unfettered access to all discovery and to continue trial. *See generally* Dkt. ## 359, 360. These exact questions were already considered and decided in the

- 1

Court's prior rulings.[1] *See* Dkt. ## 354, 355.  And thus, the Court will treat it as a motion to reconsider.  *See Anderson v. United States*, 298 F.3d 804, 807 (9th Cir. 2002) ("The substance of the motion, not its form, controls its disposition.").

"Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  LCrR 12(b)(13)(A).  Cunningham's motions fail to show manifest error or new facts or legal authority, but repeats arguments already raised and only shows disagreement with the Court's prior orders.  Thus, both motions are denied.

Still, the Court will address a request that Cunningham makes more directly in these motions.  Cunningham asks this Court to modify the protective order and to compel a "complete usable redacted file" of discovery.[2]  Dkt. # 360 at 2; Dkt. # 359 at 6-7; *see also* Dkt. # 354 at 4 n.2.  Cunningham says that because he lives out-of-state and has significant difficultly traveling that the protective order must be altered.  *See generally* Dkt. # 360.

Under Federal Rule of Criminal Procedure 16(d)(1) "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

---

[1] The Court incorporates Docket Nos. 354 and 355 orders here.

[2] Similarly, Cunningham also seeks to ensure clarity for the appellate record that he faced "access barriers" preventing him from "a complete usable redacted file or a practical remote protected-review procedure," and that these barriers still exist.  *See* Dkt. # 359 at 1, 3, 6-7, 15.  To be clear, the Court knows that Cunningham never has had personal unfettered access to the entire record.  The Court also knows that Cunningham proceeding pro se generally has a right to review the discovery materials that will be used against him at trial.  But as stated and as further explained in the instant Order, the Court will not grant Cunningham unrestricted access to all discovery when that discovery contains tens of thousands of pages, including redacted personally identifying information of third parties.  *See* Dkt. # 354.  The Court notes that Defendant is out-of-custody, out-of-state, and charged with crimes involving the misuse of personally identifying information.  *See* Dkt. # 360 at 3; Dkt. # 354 at 4 n.2.  This is not an impermissible infringement on Cunningham's rights when he can personally possess redacted discovery, or discovery that does not contain personally identifying information, and he can still view the complete, unredacted discovery file in the presence of standby counsel.

ORDER - 2

*Id.*; *see* Dkt. # 62 ¶ 6; Dkt. # 99; *see also Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case"); *United States v. Sarno*, 73 F.3d 1470, 1492 (9th Cir.1995) (concluding that while a pro se defendant's "access to discovery materials was hardly optimal," the "limitations imposed on him were reasonable"). To start, the scope of discovery in this case exceeds 30,000 documents. *See* Dkt. # 338 at 8-9; Dkt. # 360. The whole unredacted discovery file has been produced to counsel while Cunningham was still represented. Dkt. # 62; *see also* Dkt. # 338 at 8; *see also King Cty. v. Viracon, Inc.*, 2022 WL 782572, at *3 (W.D. Wash. Mar. 15, 2022) ("It is well-established that documents in the possession of a party's attorney are deemed to be in the party's possession."); *United States v. Beckley*, 2024 WL 245737, at *4 (D.D.C. Jan. 23, 2024) ("That Beckley does not possess the documents himself is of no moment," when the government produced discovery to defense counsel and warned him "that as a pro se defendant he would not have unfettered access to materials."). Cunningham at any point in time could personally possess the whole redacted file and view any redacted information in the presence of counsel.[3] Dkt. # 62 ⁋ 6. Since Cunningham went pro se, the Government has reproduced a draft exhibit list and a complete set of trial exhibits directly to Cunningham and stated that moving forward it will make discovery productions directly to Cunningham and standby counsel. Dkt. # 338 at 13; *see also* Dkt. # 338-1 (originally produced in June 2025 to counsel). It appears to the Court Cunningham has

---

[3] For this reason, the Court is puzzled by Cunningham's request for a "complete usable redacted file." *See generally* Dkt. # 360. He has had the ability to request redacted discovery since the protective order was issued on August 3, 2023. *See* Dkt. # 99 (stipulating to Dkt. # 62). The Court believes, based on Cunningham's other requests and filings, that the issue is the "usable" aspect. Cunningham has also requested "the complete Bates file, complete master index, [and] protected/non-protected inventory." Dkt. # 360 at 12; *see also* Dkt. # 329 at 4 (requesting "complete Bates-numbered discovery file, a master Bates index, a protected/non-protected inventory, discovery logs, production indexes"). The Court has rejected this request. *See* Dkt. # 354 at 6. Based on the record, the discovery Cunningham receives should be usable and Cunningham has provided no reason for the Court to believe it is not usable.

ORDER - 3

everything he needs to proceed to trial and the additional information he seeks could have been accessed long before the originally scheduled trial date.

The Court acknowledges that Cunningham lives out-of-state. *See* Dkt. # 360 at 5-6. But Cunningham can still access the majority of discovery without appearing in Seattle, Cunningham has had ample time to coordinate travel to Seattle, and the Court warned Cunningham at the *Faretta* hearing that it was not likely to grant yet another continuance; the discovery limitations are reasonable.[4] *See* Dkt. # 354 at 3-6 (collecting cases); *Sarno*, 73 F.3d at 1492; *see also United States v. Bisong*, 645 F.3d 384, 396-97 (D.C. Cir. 2011) (rejecting defendant's argument that he was denied an opportunity to review discovery and prepare to proceed pro se where he was given only six hours to review documents and was never given the bulk of discovery materials where the defendant did not provide specific examples of prejudice); *United States v. Vizcarra-Millan*, 15 F.4th 473, 489 (7th Cir. 2021) (finding no error where, in a *Faretta* hearing, the district court suggested he would forbid defendant from taking possession of sensitive discovery materials and instead would only allow defendant to review the documents with an attorney if he were to proceed pro se). Cunningham has therefore not shown good cause to alter the protective order.

For these reasons, the motions are DENIED. Dkt. ## 359, 360.

Dated this 8th day of July, 2026.

John H. Chun
John H. Chun
United States District Judge

---

[4] As Cunningham points out, Dkt. # 360 at 6, the Court has repeatedly accommodated Cunningham's travel hardships, but as repeatedly explained, the Court cannot provide unrestricted access to discovery or allow this case to proceed indefinitely. Nor will the Court risk unsupervised remote access to the full unredacted discovery file or burden the Government to securely implement such a request.

ORDER - 4