UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAHRI ASAD CUNNINGHAM,<br><br>Defendant. | CASE NO. 2:23-cr-00090-JHC-3<br><br>ORDER |

## I
## INTRODUCTION

This matter comes before the Court on Defendant Jahri Asad Cunningham's Motion to Continue. Dkt. # 362. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the case file, and the governing law. Being fully advised, the Court DENIES the motion. Dkt. # 362.

## II
## BACKGROUND

The Court incorporates the background from its previous orders on Cunningham's latest motion to continue, motion to suppress, and motion to dismiss. *See* Dkt. # 354 at 1-2; Dkt. # 326 at 2-3. This case began over three years ago, on May 31, 2023, when Cunningham and his co-

defendants were indicted for various fraud crimes related to COVID-19 relief programs. *See* Dkt. # 1 at 15-18 (charging Cunningham with three counts of wire fraud and one count of concealment money laundering). Since the indictment, Cunningham has spent most of his time out of custody. *See* Dkt. ## 72, 73 (entering bond in this District on July 13, 2023). This is Cunningham's eleventh motion to continue, and third motion to continue since proceeding pro se. *See* Dkt. ## 78, 167, 227, 234, 241, 252, 277, 329, 360, 362.

## III
## DISCUSSION

Cunningham now requests a continuance for two reasons: because (1) he was informed that his expert, Mark Pfoff, would not testify for a pro se defendant and the defense requests time to secure another expert; and (2) a recent discovery production has led Cunningham to believe that he needs a separate expert to review the discovery related to server locations. Dkt. # 362 at 1.

"The decision to grant or deny a requested continuance lies within the broad discretion of the district court." *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985). Under "the Speedy Trial Act, a defendant must be brought to trial within seventy days of the indictment or of his initial appearance before a judicial officer, whichever is later." *United States v. Clymer*, 25 F.3d 824, 827 (9th Cir. 1994). But "the Act sets forth several types of so-called 'excludable delay,'" which "does not count toward the seventy day limit." *Id*. One such period of "excludable delay" is the "ends of justice" continuance, which Defendant seeks here. *Id.* at 828; *see* Dkt. # 329 at 13-14 (citing 18 U.S.C. § 3161(h)(7)(A) (authorizing a continuance where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial")).

A court may grant an "ends of justice" continuance on finding that the failure to do so would deny the defense "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). In reviewing a district court's denial of a continuance, the Ninth Circuit evaluates the four *Flynt* factors: (1) whether the defendant "was diligent in preparing his defense or whether his request for a continuance appears to be a delaying tactic"; (2) "the usefulness of the continuance, asking how likely it was that the purpose of the continuance would have been achieved had it been granted"; (3) "the extent to which granting the continuance would have inconvenienced the court and the opposing party,"; and (4) whether the defendant was prejudiced by the denial. *United States v. Kloehn*, 620 F.3d 1122, 1127-28 (9th Cir. 2010) (citing *Flynt*, 756 F.2d at 1358-62). Of these factors, the "most critical question" is prejudice to the movant. *United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995). So the movant "must show at a minimum that he has suffered prejudice as a result of the denial of his request." *Flynt*, 756 F.2d at 1359.

A. Pfoff

1. Due diligence

Defendant has not shown due diligence in securing Pfoff. Cunningham requested to proceed pro se more than a month before filing the instant motion. *See* Dkt. # 318. Since then, Cunningham has actively defended himself, filing repeated motions before this Court, including a declaration from Pfoff and an expert disclosure on June 29, 2026. *See* Dkt. # 349. He now says that at that time he had not spoken to Pfoff. Dkt. # 362-2 at 20. The failure to consider how proceeding pro se might affect expert testimony before or shortly after going pro se as well as failing to communicate with an expert while submitting that expert to the Court shows a lack of due diligence.

Cunningham has also not shown that he attempted to secure Pfoff's presence in any way or suggested that he might be able to retain another expert.[1] *See generally* Dkt. # 362; *see, e.g.*, *United States v. Spearman*, 168 F.3d 504, 1999 WL 50872 a *2 (9th Cir. 1999) (upholding denied continuance in part because defendant "does not contend that he had another prospective expert lined up or that such an expert would be able to testify to help his case."). In fact, he requests that the Court provide him with another expert. Dkt. # 362 at 2. Cunningham seemingly is not in direct contact with Pfoff. Dkt. # 362-1 at 22. And Cunningham says he is unwilling to subpoena Pfoff for fear that he will become a hostile witness. Dkt. # 362 at 5-6. But subpoenaing witnesses is common and failure to take any action to secure Pfoff shows a lack of due diligence in preparing for his own defense. *See United States v. Hornedeagle*, 2009 WL 10708290, at *2 (D.N.M. Apr. 9, 2009) (denying continuance when defense expert was unavailable in part because "at the time the Defendant moved for a continuance, the Defendant had not requested a subpoena to compel [the expert]'s presence at trial"). Thus, the Court will not exercise its discretion to grant a continuance.

2. Prejudice

Even if Cunningham had shown due diligence, he is not prejudiced by Pfoff's unwillingness to testify. This is an independent reason to deny the motion. "Where the denial of a continuance prevents the introduction of specific evidence, the prejudice inquiry focuses on the significance of that evidence." *United States v. Wilkes*, 662 F.3d 524, 543 (9th Cir. 2011) (quoting *United States v. Rivera-Guerrero*, 426 F.3d 1130, 1142 (9th Cir.2005)); *see also United*

[1] This also leads the Court to believe Cunningham would fail the second *Flynt* factor. *Kloehn*, 620 F.3d at 1127 (the court is to "inquire into the usefulness of the continuance, asking how likely it was that the purpose of the continuance would have been achieved had it been granted"); *see United States v. Rivera-Guerrero*, 426 F.3d 1130, 1140 (9th Cir. 2005) (asking, "[w]ould the continuance have resulted in the production of relevant evidence?").

*States v. Mejia*, 69 F.3d 309, 314 (9th Cir. 1995) ("[I]n order to obtain a reversal, appellant must show at a minimum that he has suffered prejudice as a result of the denial of his request.").

Cunningham would not be prejudiced in proceeding to trial on the scheduled August 3, 2026 date without Pfoff's testimony. Cunningham noticed Pfoff as an expert to provide an opinion on Cellebrite and digital extractions related to his co-defendant Williams's phone. *See* Dkt. # 349. But it seems unlikely the phone will bolster his defense. The Government says its primary evidence against Cunningham is "straightforward business and public records: Cunningham's EIDL and EPRAP applications; Cunningham's admissions in certified court documents; public records showing he didn't own any rental properties; and bank records showing that he received (and then spent) ill-gotten EPRAP funds." Dkt. # 366 at 7. The Government also says it will not be presenting expert testimony and plans to introduce the text messages without a live witness. Dkt. # 366 at 7, 9 (citing *United States v. Nishida*, 2021 WL 3140331, at *2 (9th Cir. July 26, 2021) ("The district court properly admitted Exhibit 8 (a copy of the texts extracted from Nishida's phone) under the self-authentication procedure outlined in Federal Rules of Evidence 902(11) and 902(14) based on the certification of a technician.")).

The Court has reviewed Cunningham's expert disclosure and agrees it is ancillary to the core issues in this case and denying the continuance will not prejudice Cunningham. *See United States v. Popov*, 555 F. App'x 671, 674 (9th Cir. 2014) (upholding denied continuance where defendant admitted to elements of fraud and she had "not established that the verdict would have been different had she been granted a continuance to secure a handwriting expert's testimony"); *see, e.g.*, *Spearman*, 168 F.3d 504, 1999 WL 50872 a *2 (upholding denied continuance, in part, because defendant's request was to provide more time for him to find a new expert to show the drugs in his possession were for personal use, but "the evidence that the drugs found in Spearman's apartment were not for personal use was overwhelming."); *United States v. Stanley*,

990 F.2d 1265, 1993 WL 89063, at *2 (9th Cir. Mar. 29, 1993) (upholding denied continuance when defendant "has made no showing that an expert witness would have assisted him in his defense, or that he was otherwise prejudiced by the denial of his motion.").

Finally, Cunningham is not prejudiced because Pfoff's declaration primarily concerns suppression of the data and messages taken from the phone of one of Cunningham's co-defendants, which the Court has considered and denied on standing grounds.[2] *See* Dkt. # 326 at 3-6. Cunningham says Pfoff has stated he will not testify for a pro se defendant, and thus the defense "cannot reasonably use him to prepare motions in limine, develop defense expert opinions, test the government's Cellebrite foundation, review source and extraction issues, or prepare for cross-examination." Dkt. # 362 at 5. That is not true. As Cunningham says on reply, Pfoff has reviewed this case and supplied a declaration. Dkt. # 367 at 2; *see also* Dkt. # 293-12 (Pfoff's Declaration). Cunningham has used Pfoff's opinion in support of a motion to suppress. *See* Dkt. ## 293, 326. Cunningham may still allow Pfoff's expert opinion to guide his trial strategy, including his questioning of the Government's witness who will testify about the FBI's investigation of Cunningham and his co-defendants. Thus, Cunningham has not established prejudice from proceeding with the scheduled trial date without Pfoff testifying and thus the Court will not exercise its discretion to grant a continuance.[3]

---

[2] Again, this also leads the Court to believe Cunningham would fail the second *Flynt* factor. *See Kloehn*, 620 F.3d at 1127 (the court is to "inquire into the usefulness of the continuance, asking how likely it was that the purpose of the continuance would have been achieved had it been granted").

[3] Additionally, the Court adopts and incorporates its previous finding that any further delay would cause harm to the Court and public. *See* Dkt. # 354 at 6-7.

B. "Server-location" expert

Cunningham also requests a continuance so that he may petition the Court for funds to retain an expert to challenge venue and the Government's interstate nexus evidence. Dkt. # 362 at 2. The Court finds a continuance is unnecessary for this purpose under every *Flynt* factor.

An expert for this purpose is unnecessary. Cunningham has had four separate defense lawyers none of whom thought such an expert was necessary—and for good reason. The Government has detailed the evidence it plans to present on this issue:

> A witness from SBA will testify that the servers that processed Cunningham's August 7, 2020 EIDL application (Count 5) were located outside of Washington. Bank record show that Williams—who submitted the application—was in Western Washington on August 7. For EPRAP (Counts 13 and 16), a witness from US Bank will testify that the servers that processed King County's batched payment requests were located outside of Washington State (the requests originated from Western Washington).

Dkt. # 366 at 11-12. If Cunningham needs assistance, he may ask standby counsel for assistance in preparing. To be clear, the Government must still prove venue at trial, but an expert on this element is not necessary; and if anything, expert testimony would add complexity, risking jury confusion. Thus, the Court will not grant a continuance to provide Cunningham more time to seek such an expert.

## IV

## CONCLUSION

For these reasons, the Court DENIES Cunningham's motion for continuance. Dkt. # 362.

Dated this 23rd day of July, 2026.

John H. Chun

John H. Chun
United States District Judge