UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAHRI ASAD CUNNINGHAM,<br>Defendant. | CASE NO. 2:23-cr-00090-JHC-3<br>ORDER |

This matter comes before the Court on the Government's Motions in Limine and Defendant Jahri Asad Cunningham's Motion in Limine. Dkt. ## 383, 384, 385. The Court has considered the materials submitted in support of an in opposition to the motions, the rest of the file, and the governing law. Also, before the Court is Cunningham's motion at Dkt. # 388, which is addressed in footnote 1 below.

Being fully advised, the Court rules as follows on the Government's motions:

1. Request to authenticate iPhone and Laptop Exhibits under Federal Rule of Evidence 902(14). Dkt. # 383.

GRANTED.

2. Request to exclude the Small Business Administration's (SBA) and King County's supposed negligence in approving fraudulent Economic Injury Disaster

Loan and Rent Assistance Program applications as irrelevant under Federal Rules of Evidence 401, 402, and 403. Dkt. # 384.

GRANTED. *See* Dkt. # 411 (stating Defense does not intend to present evidence for this purpose).

Being fully advised, the Court rules as follows on Cunningham's motions:

1. Request to exclude or strictly limit "Bug/Bug G, 1B13/E6880191, Cellebrite/UFDR, and other phone-derived Evidence" (iPhone exhibits). Dkt. # 385 at 2-6.

DENIED.

2. Request to exclude Exhibits 501-503, Williams-J. Cunningham texts, and 504, Williams-A. Cunningham texts, as hearsay. Dkt. # 385 at 6-7.

RESERVED.

3. Request to prohibit the Government from using "alias or false-identity labels." Dkt. # 385 at 7-8.

RESERVED in part as it relates to referring to "Malikah Cunningham, Minah Cunning, and Ale Cartel" and "Aminah Cunningham, Malikah Cunningham, Minah Cunning, or an Ale Cartel" as aliases or other similar descriptors. DENIED in part as it relates to referring to Cunningham's wives by name only. Still, the Court agrees that the descriptions used in the Government's trial brief may be prejudicial. Thus, Cunningham's request is GRANTED in part in that the Government is prohibited from referring to plural marriage. That said, in response, the Government suggested "former live-in girlfriend" and "ex-girlfriend who lives with him." Dkt. # 413 at 7. The Court finds this to be sufficient to avoid suggesting plural marriage and avoid prejudice while still establishing the relationship between Cunningham and N.A.

4. Request to exclude the Northern District of California Records and the 2021 admission. Dkt. # 385 at 8-10.

DENIED.

5. Request to require a "transaction-specific foundation" of financial records. Dkt. # 385 at 10-11.

DENIED. This evidence is relevant to the charges and Cunningham has not shown, or even claimed, prejudice from showing the financial records. *See United States v. Valazquez*, 125 F.4th 1290, 1295 (9th Cir. 2025) (holding Rule 403 bars the admission of relevant evidence if "the danger of unfair prejudice substantially outweighs the probative value of the evidence.").

6. Request to exclude Exhibits 700-701, photographs of cash and money orders. Dkt. # 385 at 11.

RESERVED.

7. Request to exclude photographs of luxury goods. Dkt. # 413 at 11.

DENIED as moot. *See* Dkt. # 413 at 11.

8. Request to limit fact and "lay witness to personal knowledge and exclude undisclosed specialized opinions." Dkt. # 385 at 12-15.

RESERVED in part as it relates to lay witnesses testifying to personal knowledge and to exclude specialized opinions. Cunningham also requests Retired Special Agent "Moran should be sequestered absent a particularized Rule 615(a)(3) showing." This request is DENIED because the Government has made a particularized Rule 615(a)(3) showing that Agent Moran is essential to the presentation of its case. *See* Dkt. # 382 at 24-26.[1]

[1] Cunningham has also made a request to sequester Agent Moran in his Expedited Motion to Enforce CrR 23.1(a)(5), Objections to Affirmative Request in Dkt. # 382, and Alternative Motion for Leave. Dkt. # 388. That motion concerns only the sequestration issue and the Court DENIES it as moot. Dkt. # 388.

9. Request to prohibit the Government from referring to a "conspiracy."

GRANTED. *See* Dkt. # 413 at 12-13 (agreeing to refer to "co-schemers" and a "scheme" instead of conspiracy).

Finally, Cunningham has requested leave to file a reply related to the Government's statement that Cunningham did not raise certain issues at the pre-trial conference. *See* Dkt. # 414. The Court has not relied on that statement to issue its orders and thus DENIES that motion as moot.

Dated this 27th day of July, 2026.

John H. Chun
United States District Judge