UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br>v.<br>JAHRI ASAD CUNNINGHAM,<br>Defendant. | CASE NO. 23-CR-00090-JHC-3<br><br>COURT'S COURSE-OF-TRIAL INSTRUCTIONS |

**COURSE-OF-TRIAL JURY INSTRUCTIONS**

The parties will be permitted to take exception to these instructions on the first day of trial.

Dated this 30th day of July, 2026.

John H. Chun

John H. Chun
United States District Judge

## COURSE OF TRIAL INSTRUCTION NO. 1

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website, or application, including, but not limited to, Facebook, YouTube, Twitter (or X), Instagram, LinkedIn, Snapchat, or any other forms of social media. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

**COURSE OF TRIAL INSTRUCTION NO. 2**

[At the End of Each Day of the Case:]

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

[At the Beginning of Each Day of the Case:]

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

Ninth Circuit Model Jury Instruction – 2.1

**COURSE OF TRIAL INSTRUCTION NO. 3**

You have heard testimony and have seen evidence that the defendant violated the terms of his supervised release by falsely representing to his probation officer that he lawfully worked at "Ale Premium Cartel, LLC." This evidence of other acts was admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether the defendant:

had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;

*or*

had a motive or the opportunity to commit the acts charged in the indictment;

*or*

was preparing or planning to commit the acts charged in the indictment;

*or*

acted with a method of operation as evidenced by a unique pattern, that is using "Ale Premium Cartel" in a false representation;

*or*

did not commit the acts for which the defendant is on trial by accident or mistake;

*or*

is the person who committed the crime charged in the indictment. You may consider this evidence to help you decide whether the defendant is "Ale Cartel."

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the

defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for Wire Fraud and Money Laundering, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction – 2.10

**COURSE OF TRIAL INSTRUCTION NO. 4**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Jury Instructions - 3.1

**COURSE OF TRIAL INSTRUCTION NO. 5**

You have heard evidence that the defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Model Jury Instruction – 3.6