UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAHRI ASAD CUNNINGHAM,<br>Defendant. | CASE NO. 2:23-cr-00090-JHC-3<br>ORDER |

## I
## INTRODUCTION

This matter comes before the Court on Defendant Jahri Asad Cunningham's Motion for Leave, Judicial Estoppel, Enforcement of Oral Nonprosecution Agreement, In Camera Grand-Jury Review, and Dismissal of County 5 with Prejudice. Dkt. # 375. The Court granted leave and provided the Government an opportunity to respond. Dkt. # 394. The Court has reviewed the motion, the rest of the record, and the governing law. For the reasons below, the Court DENIES the motion. Dkt. # 375.

## II

## BACKGROUND

The Court incorporates the background from its previous orders on Cunningham's latest motion to continue, motion to suppress, and motion to dismiss. *See* Dkt. # 354 at 1-2; Dkt. # 326 at 2-3.

As pertinent here, on August 31, 2021, Cunningham appeared before the North District of California, where he admitted to multiple violations of his supervised release in an unrelated case. *See* Dkt. # 375-1 at 11-24. One of those violations concerned Cunningham submitting fraudulent Small Business Administration (SBA) Paycheck Protection Program (PPP) loans, including for application number 3312987659, which the probation officer at the time said was bank fraud violating 18 U.S.C. § 1344. Dkt. # 375-1 at 36; *see also* Dkt. # 375-1 at 15. Two years later, Cunningham was indicted with Count 5 in this case, which charges Cunningham with violating 18 U.S.C. § 1343 related to fraudulent submission of an SBA Economic Injury Disaster Loan (EIDL) bearing the application number 3312987659. Dkt. # 1 at 15.

## III

## DISCUSSION

Cunningham raises multiple reasons for dismissal: (1) he says he was promised a non-prosecution agreement when he admitted to the fraud related to application number 3312987659; (2) he says judicial estoppel should prevent the Government from relying on the admission; and (3) he says that the grand jury proceeding must be reviewed due to the discrepancy between what he admitted to and the indictment.[1]

[1] Cunningham has also moved to dismiss based on venue, but the Court has already considered and decided this issue. Dkt. # 326 at 7; *see also* Dkt. # 392 at 7. The Court will not reconsider it here.

A. Non-prosecution agreement

Cunningham asks this Court to "enforce the oral promise that the admitted application conduct would not be prosecuted later." Dkt. # 375 at 2, 6. "Because this is a claimed immunity agreement, ordinary contract principles apply." *United States v. Wilson*, 392 F.3d 1055, 1059 (9th Cir. 2004), *amended on denial of reh'g*, 2005 WL 267831 (9th Cir. Feb. 4, 2005). The burden of proving a contract exists rests with the party seeking to enforce it. *See Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1086 (9th Cir. 2020) (applying California law); *see also Johnson v. Nasi*, 50 Wash.2d 87, 91, 309 P.2d 380 (1957).

Cunningham does not make any showing that this oral promise existed or even say who in the Government made such a promise. *See* Dkt. # 375 at 2, 6; *see also* Dkt. # 421 at 5 (defense suggesting it is the Government's burden to disprove the existence of the agreement). The transcript of the relevant Northern District of California proceedings does not show any such promise. *See* Dkt. # 375-1 at 14-16; *see generally* Dkt. # 375-1. Finally, Cunningham's subjective belief that he would receive immunity does not mean that a non-prosecution agreement exists. *See Wilson*, 392 F.3d at 1060. Thus, based on this showing, the Court finds no non-prosecution agreement exists.

B. Judicial Estoppel

"[J]udicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). "[T]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." *Id.* at 750 (quoting *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (C.A.4 1982). Still, the Supreme Court has laid out several, non-exhaustive factors that typically govern the doctrine's application. "First, a party's later position must be "clearly inconsistent" with its

earlier position." *Id.* "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *Id.* Third, "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751.

The Government does not contradict that, before the Northern District of California prosecutors identified application 3312987659 as a SBA PPP application and now identify 3312987659 as a SBA EIDL application nor that Cunningham admitted to bank fraud rather than wire fraud. *See* Dkt. # 418 at 4-5. Instead, the Government says that any misstatement was non-deliberate and that it acted in good faith. Dkt. # 418 at 5. In the Northern District of California, the probation officer disclosed that she had requested but not received the fraudulent submission to SBA, and Cunningham himself admitted to the information without contesting the factual accuracy. Dkt. # 375-1 at 6; *see also* Dkt. # 375-1 at 14-16. But more importantly, the distinction between an EIDL and a PPP was entirely irrelevant to the supervised release violation before the Northern District of California. *See* Dkt. # 375-1; *see also United States v. Marshall*, 2017 WL 3812894, at *3 (D. Nev. Aug. 30, 2017) (declining to apply judicial estoppel "because the Court did not rely on or accept the Government's allegedly inconsistent positions, judicial estoppel does not apply here). Nor did it "adjudicate[] Cunningham-centered PPP bank-fraud allegations" as Cunningham says, but rather the finding was limited to a violation of the supervised release; Cunningham was not found guilty of any bank-fraud charge. Dkt. # 421 at 3; *see* Dkt. # 375-1 at 14-16. At all times relevant to this prosecution, the Government has maintained that Count 5 concerns an EIDL loan application. *See* Dkt. # 1 at 15. Neither this Court nor the Northern District of California appear to have been purposefully misled.

Separately, judicial estoppel is inapposite because the Government would not derive an unfair advantage over Cunningham based on the inconsistency being asserted. Even if Cunningham now says that he would not have admitted to the violation if it had been correctly characterized as an EIDL loan application, the court ordered time served and dismissed the charge before it. Dkt. # 175-1 at 22-24. Because there is no unfair advantage to the Government based on mischaracterizing an EIDL loan as a PPP loan, the Court will not apply judicial estoppel.

C. Grand Jury Review

There is a presumption of regularity in grand jury proceedings. *Hamling v. United States*, 418 U.S. 87, 139 n.23 (1974). Still, "[d]efendants may establish such grand jury abuse by demonstrating that the prosecutor obtained an indictment by knowingly submitting perjured testimony to the grand jury," and to justify dismissal of the indictment on that basis the perjury must be material. *United States v. Claiborne*, 765 F.2d 784, 791 (9th Cir. 1985), *abrogated on other grounds by Ross v. Oklahoma*, 487 U.S. 81 (1988). Finally, in the Ninth Circuit, "no independent inquiry will be made into the kind of evidence presented to a grand jury, when a duly constituted grand jury returns an indictment valid on its face." *United States v. Tham*, 665 F.2d 855, 863 (9th Cir. 1981).

Even if the Court were to assume that the indictment was not valid on its face and thus that it should review the grand jury proceeding, the only possibility of abuse that Cunningham points to is the misstatement. Dkt. # 375 at 11. But the record before the Court shows that the investigation and prosecution team did not know about Cunningham's supervised released violations in the Northern District of California until after the Grand Jury proceedings, and thus, they could not have knowingly procured perjurious testimony, nor could any statements related to the supervised release be material to the grand jury proceeding. Dkt. # 175-1 at 78; Dkt. # 1;

*see also* Dkt. # 375 at 8. Because Cunningham has not offered anything to overcome the presumption of regularity in a grand jury, the Court will not review those proceedings.

* * *

Cunningham moved to dismiss Count 5 based on the above considered theories. *See* Dkt. # 375. Based on the above findings, there is no basis for dismissal.

## IV

## CONCLUSION

For these reasons, the Court DENIES the motion. Dkt. # 375.

Dated this 31 day of July, 2026.

John H. Chun
United States District Judge