UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAHRI ASAD CUNNINGHAM,<br>Defendant. | CASE NO. 2:23-cr-00090-JHC-3<br>ORDER |

This matter comes before the Court on Defendant Jahri Asad Cunningham's Motion for Reconsideration of Dkt. 433 Based on Manifest Factual and Legal Error and Due Process. Dkt. # 436. The Court has reviewed the motion, the rest of the record, and the governing law.

In this District, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCrR 12(b)(13)(A). Defendant contends that the Court committed seven errors, but none rise to the level of manifest error.[1] Cunningham's motion

[1] Cunningham challenges the prior Order in part by saying "the Order's no-unfair-advantage finding relies on dismissal of an unrelated assault allegation." Dkt. # 436 at 1, 3. This was not the sole basis for the Court's no-unfair-advantage finding. The Court considered the hearing, the credit for time-served along with supervised release, the dismissal of Violation One, and, as Cunningham says, the Order

instead constitutes disagreement with the Court's prior order, which does not require reconsideration. Thus, the Court DENIES the Motion.

Dated this 3rd day of August, 2026.

John H. Chun
United States District Judge

---

does not say this violation was related to fraud. Dkt. # 433 at 5; *see* Dkt. # 375-1 at 21 (Judge: "you will be given a break because I am going to sentence you to time served"). Still, the Court agrees with Cunningham's concern that the original Order did not provide sufficient clarity that the Northern District of California dismissed only Violation One and acknowledges that the remaining violations were not dismissed but admitted to; but this does not change the no-unfair-advantage finding from the previous order. And regardless, because the finding was a separate basis for denial, this challenge does not make reconsideration necessary. *See* Dkt. # 433 at 5.