UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAHRI ASAD CUNNINGHAM,<br>Defendant. | CASE NO. 2:23-cr-00090-JHC-3<br>ORDER |

This matter comes before the Court sua sponte. At the close of the first day of trial, Defendant Jahri Asad Cunningham requested that he be allowed to remove his ankle monitor when he enters the Courthouse so that it would not be visible to the jury, which he said would prejudice them against him. *See* Dkt. # 444. At the time, Cunningham had not discussed this request with the U.S. Probation Office. The Court granted the request but expressed concern over the implementation of removing the ankle monitor.

Since then, the Court has received feedback from the Probation Office that it would pose a significant burden to provide daily installation and removal of location monitoring equipment. They expressed that they are operating with a reduced crew due to pre-approved leaves and trainings. They also expressed that such installation and removal would affect their availability for new arrests and services to clients currently on location monitoring. Finally, they expressed

that Defendant's is a common concern, and they have found that long socks and looser-fitting pants can make the tracker invisible to the naked eye. Based on these raised concerns, the Court finds it necessary to re-evaluate its prior ruling.

"[A]n ankle monitor is not inherently prejudicial." *United States v. Wiley*, 103 F.4th 565, 571-77 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1929 (2025). To prevail on a claim that an ankle monitor infringed on a defendant's right to a fair trial, defendant "must show actual prejudice." *Id.* at 577 (finding no prejudice where an ankle monitor beeped in front of the jury and the Court shortly after ordered the monitor removed). Here, Cunningham has worn his ankle monitor for the first day-and-a-half of trial, and it has been inconspicuous. The Court has observed Cunningham wearing long pants that hide the monitor completely from view and the monitor has not made any noise. Cunningham also sits at counsel's table that has a panel that blocks the jury's view of his legs. The Court finds the jury most likely is unaware of the monitor.

For these reasons, the Court VACATES its previous order granting Cunningham's requested relief regarding his ankle monitor, Dkt. # 444, and DENIES Cunningham's request.

Dated this 4th day of August, 2026.

John H. Chun
United States District Judge